UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

JASON K. NOBLES
VALINDA C. NOBLES

      DEBTORS,

JUNE OWENS,                           CASE NO. 09-13579-GHB
                                        CHAPTER 7
      PLAINTIFF,                  Adv. Pro. No.

JASON K. NOBLES
VALINDA C. NOBLES

      DEFENDANTS.

_____

PETITION FOR DECLARATORY JUDGMENT

_____

Comes now, June Owens, by and through her attorney, Stephen L. Hughes, pursuant to Rule 57 of the Federal Rules of Civil Procedure, and seeks a Judgment declaring certain funds to be her personal property and for her cause of action states:

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 157 (b)(2)(A).  This is a core proceeding.

2.      The debtors, Jason Nobles and Valinda C. Nobles, filed for relief under Chapter 7 of the Bankruptcy Code on August 28, 2009, bearing Case No. 09-13579-GHB. Valinda C. Nobles is the daughter of June Owens.

2.      Marianna Williams was appointed as the Standing Chapter 7 Trustee by Order of this Honorable Court entered September 18, 2009.  Mrs. Williams is being served with a copy of this Petition in her capacity as the Standing Chapter 7 Trustee in that this Petition seeks an order

from the Court declaring certain funds, which may have been under the control of the debtors at or near the time of filing the Chapter 7 petition, to be the property of June Owens.

3.      June Owens is and has been a resident of Morningside of Jackson, an assisted living facility in Madison County, Tennessee, for approximately four years.  Ms. Owens is currently mentally incapacitated and suffers from an Alzheimer's type dementia.  Ms. Owens daughter, Lavonda Kay Kennedy (Kay Kennedy) serves as Attorney-in-Fact for Ms. Owens as evidenced by the Power of Attorney attached hereto as Exhibit 1, the terms of which are incorporated herein by reference.  All information contained in this Petition has been provided by Kay Kennedy and is true based upon her best information and belief.

4.      By virtue of the aforereferenced Power of Attorney, Kay Kennedy has assisted Ms. Owens with her deposit accounts for some time.

5.      The debtor, Jason Nobles, is known to Kay Kennedy to have experience and success in making investments and is a trusted family member.

6.      In or around August, 2009, Kay Kennedy had discussions with her brother-in-law Jason Nobles about the possibility of allowing Mr. Nobles to invest a portion of Ms. Owens money.  As the result of these discussions, Kay Kennedy opened a deposit account on or about August 7, 2009, at BancorpSouth Bank bearing Account No. 74309584, styled "Lavonda K Kennedy, J & K Investment Special Acct.".

7.      Kay Kennedy initially deposited Twenty Thousand Dollars and no/100 ($20,000.00) of Ms. Owens money into the said account and caused the account to be accessible to Mr. Nobles for the purpose of making investments on behalf of Ms. Owens.

8.      On or about August 18, 2009, Mr. Nobles withdrew Fifteen Thousand Dollars and no/100 ($15,000.00) from the account for investments purposes.

9.      In or around late August, 2009, Mr. Nobles discovered Seventy Six Thousand Dollars and no/100 ($76,000.00), cash, in a box belonging to Ms. Owens.  The subject box was among several boxes containing Ms. Owens' personal property which had been stored at the Nobles' residence when Ms. Owens moved to Morning Side.  These boxes were inventoried for the first time in August 2009, because the Nobles were relocating which required that the said boxes be relocated or otherwise disposed of.

10.      Upon discovering these funds, Mr. Nobles deposited them into the account described in Numerical Paragraph Six hereinabove.

11.      Prior to her placement in Morningside of Jackson, Ms. Owens was known to hide sums of cash, due to her general distrust in Banks.

12.      The remaining proceeds of the subject account totaling Sixty One Thousand Forty Five and 83/100 Dollars ($61,045.83) have been placed in the Trust Account of Stephen L. Hughes pending the courts ruling on this petition.

Wherefore, Premises considered, Petitioner prays that the court declare the subject funds to be the property of June Owens and request such other, further and general relief to which she may be entitled.

This the 1st of December, 2009.

Respectfully submitted,

BY:/s/Stephen L. Hughes
    Stephen L. Hughes            #013836
    Attorney for June Owens
    P. O. Box 320
    Milan, TN 38358 (731) 686-1198

<u>CERTIFICATE OF SERVICE</u>

We, Kizer, Bonds, Hughes & Bowen, PLLC, Attorneys at Law, hereby certify that we have served a true copy of the foregoing instrument electronically or by depositing a copy of same in the U.S. mail postage paid, to the following parties on December 1, 2009.

By:<u>/s/Stephen L. Hughes</u>
Stephen L. Hughes

<u>Postage Pre-Paid</u>

Debtor(s)
Creditor:  June Owens, c/o Kay Kennedy, 258 Greenhill Drive, Jackson, TN  38305

<u>Electronically</u>
Chapter 7 Trustee
U.S. Trustee
Debtor(s) Attorney:   marissav@bellsouth.net