THIS POWER OF ATTORNEY PREPARED BY:

Nancy L. Choate, Attorney
367 N. Parkway, Ste. S
Jackson, TN 38305

## POWER OF ATTORNEY

1. **Appointment of Attorney.**

    a. **Initial.** I, JERLENE JUNE OWENS, of Lexington, Henderson County, State of Tennessee, appoint LAVONDA KAY ROBERTS my attorney. In the event she is unable to serve for any reason as attorney, I appoint VALINDA NOBLES to serve as my successor attorney. In the event she is unable to serve for any reason as attorney, I appoint ROBERT HENRY OWENS to serve as my successor attorney.

    b. **Successor.** I authorize my attorney or any successor appointed under this paragraph to designate a successor to serve in that attorney's place.

    If the law of the state of my residence requires one of my attorneys to be a resident and the named attorney is not a resident of such state, the named attorney may appoint an attorney to meet any requirement that at least one attorney be a resident of the state of my residence.

2. **Powers.** I authorize my attorney for me and on my behalf to do each of the following things:

    a. **Monies.** To receive from or disburse to any source whatever monies through checking or savings or other accounts or otherwise. This provision covers accounts solely in my name and joint with others.

    b. **Real and Personal Property.** To buy, sell, lease, alter, maintain, pledge or in any way deal with real and personal property, including but not limited to stocks, bonds, options, or similar investments whether publicly traded or closely held, and sign each instrument necessary or advisable to complete any real or personal property transaction, including but not limited to, deeds, deeds of trust, closing statements, notes, bill of sale, leases and construction contracts.

    c. **Safe Deposit Box.** To have free and private access to any safe deposit box in my name or rented by me or on which I have signatory authority, in any bank, with full right to deposit and withdraw therefrom.

    d. **Tax Matters.** To make and file each income or gift tax return or declaration or amendment to such return or declaration required by the United States or any state, county, municipal or other legally constituted authority for each year or other tax period from January 1,

1

1954, through December 31, 2099; to sign and file such Power of Attorney and Declaration of Representation Forms 2848 as my attorney deems appropriate; to receive confidential information; to receive checks in payment of any refund of Internal Revenue taxes, penalties, or interest; to execute waivers (including offers of waivers) of restrictions on assessment or collection of deficiencies in tax and waivers of notice of disallowance of a claim for credit or refund; to execute consents extending the statutory period for assessment or collection of taxes; to execute closing agreements under Section 7121 of the Internal Revenue Code; and to delegate authority or to substitute another representative.

e. <u>Insurance Acquisition, Maintenance and Claims</u>.

I. <u>Casualty</u>. To acquire or maintain casualty on each property of mine and to prosecute each claim for benefits due under a policy.

ii. <u>Medical</u>. To acquire or maintain medical coverage for me and my dependents; to sign each form or document necessary for such insurance; and to sign and submit each claim for reimbursement of medical expenses with any medical insurance carrier or other provider of benefits.

iii. <u>Disability</u>. To acquire or maintain disability insurance for me; to sign each form or document necessary for such insurance; and to sign, submit and prosecute each claim for benefits due under a policy.

iv. <u>Life Insurance</u>. To acquire or maintain life insurance on my life and to sign each form or document necessary for such insurance. To borrow against the policy.

v. <u>Life Insurance on Attorney</u>. My attorney has no authority to exercise any power which would constitute an incident of ownership with respect to any policy of insurance I own on the attorney's life.

vi. <u>Assignment</u>. To assign any benefits from the insurance policies and authorize the change of beneficiaries of life insurance if necessary.

f. <u>Litigation</u>. To sue, defend or compromise suits and legal actions and to employ counsel in connection with the same.

g. <u>Borrowing</u>. To borrow money from any source, on such terms and conditions, with or without security as the attorney deems advisable and sign each instrument necessary or advisable to complete any such borrowing transaction.

h. <u>Investments</u>. To invest or reinvest each item of money or other property without being restricted to those authorized or prescribed by present or future law. Principles of diversification need not be observed.

2

      i. <u>Money from U.S. or Other Government</u>. To receive and give receipt for any money or other obligation due or to become due to me from the United States of America, or any agency or subdivision thereof, including but not limited to Social Security and Veterans' Benefits.

      j. <u>Sell or Redeem U.S. Government or Agency Obligation</u>. To effect redemption of any bond or other security wherein the United States of America, or any agency or subdivision thereof, is the obligor or payor, and to give full discharge thereof, including Social Security and Veteran's Benefits.

      k. <u>Nominee, Proxy, and Voting Trust</u>. To hold investments in the name of a nominee; to vote stock by proxy and to enter voting trusts.

      l. <u>Disclaimer</u>. To sign a disclaimer of all or any part of each gift or inheritance I am entitled to receive.

      m. <u>Compensation of Attorney</u>. To pay to herself/himself a reasonable compensation for her/his service an amount not exceeding the average of the compensation charged by the corporate trustees in my hometown for services as a trustee of a funded revocable trust. The computation will be based on the fee schedules of such corporate trustee applicable to the period for which compensation is sought. If my hometown has no corporate trustees, the calculation will be based on the fee charged by the nearest corporate trustee. In addition to such fee, the attorney is entitled to reimbursement for each expense incurred in acting as my attorney.

      n. <u>Creation of or Additions to Revocable Trust.</u> To create and transfer any property I own to a revocable trust or to transfer any property I own to a revocable trust I created.

      If my attorney creates a revocable trust for my benefit, the trust must provide the income and principal will be distributed liberally to provide for my support and maintenance in the manner to which I am accustomed. The trustees must be directed to favor me to the exclusion of any remainder beneficiaries.

      o. <u>Medical Care</u>. To contract for my entry into and maintenance in, or release from, any hospital, convalescent center, nursing home or other type of health care center, including the authority to approve and give consent to any type of surgery or other medical treatment, should I at any time in the opinion of a licensed physician be incompetent or incapable of acting for myself. My attorney is authorized to receive, review, study and discuss each medical or other record relative to my physical, psychological or other condition.

      p. <u>Gifts</u>. To make gifts of any item of real or personal property I own to those persons, including my attorney, who would be the recipients of my estate if I were to die intestate. Gifts may be made only to produce an overall reduction in my U.S. Estate Tax or domiciliary state estate or inheritance tax.

q. <u>Distribution for Support of Persons Other Than the Grantor</u>. I authorize my attorney to make distributions from my assets to which my attorney has access by reason of this Power of Attorney for the support, maintenance or education of my spouse, my children, or any other person to whom I have an obligation to provide such payments.

r. <u>Funeral Arrangements</u>. If I die while my attorney is serving under this Power of Attorney, I direct that my attorney carry out my funeral plans.

s. <u>Other Acts</u>. Without limiting the foregoing, generally to do, sign or perform any other act, deed, matter or thing whatsoever, that ought to be done, signed or performed, or that, in the opinion of my attorney ought to be done, signed or performed in and about the premises, of every nature and kind whatsoever, as fully and effectually as I could do if personally present and acting.

3. <u>Ratification of Acts</u>. I ratify and confirm each act my attorney does or causes to be done, in or about the premises, by virtue of this Power of Attorney.

4. <u>Effective Date, Duration and Termination</u>. This power of attorney will remain in full force and effect until it is revoked by written notice duly recorded in the Register's Office of Henderson County, Tennessee, or until expiration by operation of law. This power of attorney shall not be affected by the subsequent disability or incapacity of the principal and shall constitute a durable power of attorney pursuant to T.C.A. 34-6-102.

If the validity of this Power of Attorney is challenged by any person or entity with whom my attorney is attempting to do business, I specifically authorize and direct my attorney to issue an affidavit containing the representations set forth in TCA 34-6-105©) which affidavit shall be conclusive proof the Power of Attorney is effective.

This power of attorney becomes effective on the date it is signed.

5. <u>Revocation of Prior Powers of Attorney</u>. This Power of Attorney revokes each Power of Attorney I have previously given or signed.

6. <u>Appointment of Conservator</u>. If it becomes necessary for the appointment of a conservator, I appoint LAVONIA KAY ROBERTS, my conservator and VALINDA NOBLES as my successor conservator. In the event she is unable to serve for any reason, I appoint ROBERT HENRY OWENS to serve as my successor conservator. I excuse any conservator appointed from bond.

I understand the full import of this document, and I am emotionally and mentally competent to make this document. In acknowledgment whereof, I do hereinafter affix my signature on this the 12th day of August, 2005.

*/s/ Jerlene June Owens*
JERLENE JUNE OWENS

4

      I declare under penalty of perjury under the laws of Tennessee that the person who signed or acknowledged this document is personally known to me to be the principal, that the principal signed or acknowledged this Durable Power of Attorney in my presence, that the principal appears to be of sound mind and under no duress, fraud, or undue influence, that I am not the person appointed as attorney-in-fact by this document, and that I am not a health care provider, an employee of a health care provider, the operator of a health care institution nor an employee of an operator of a health care institution. I further declare under penalty of perjury under the laws of Tennessee that I am not related to the principal by blood, marriage, or adoption, and, to the best of my knowledge, I am not entitled to any part of the estate of the principal upon the death of the principal under a will now existing or by operation of law.

X _____
WITNESS

      I declare under penalty of perjury under the laws of Tennessee that the person who signed or acknowledged this document is personally known to me to be the principal, that the principal signed or acknowledged this Durable Power of Attorney in my presence, that the principal appears to be of sound mind and under no duress, fraud, or undue influence, that I am not the person appointed as attorney-in-fact by this document, and that I am not a health care provider, an employee of a health care provider, the operator of a health care institution nor an employee of an operator of a health care institution. I further declare under penalty of perjury under the laws of Tennessee that I am not related to the principal by blood, marriage, or adoption, and, to the best of my knowledge, I am not entitled to any part of the estate of the principal upon the death of the principal under a will now existing or by operation of law.

_____
WITNESS